# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3201

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Kevin Cowper, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |
| | * | |

_____

Submitted: June 11, 2012
Filed: June 20, 2012

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

After Kevin Cowper violated the terms of his supervised release, the district court[1] sentenced him to 18 months' imprisonment, which is the bottom of his advisory Guidelines range of 18 to 24 months' imprisonment. Cowper appeals, asserting that his within-Guidelines sentence is unreasonable. We affirm.

---

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

In 2003, Cowper pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 84 months' imprisonment followed by 5 years' supervised release. Due to a subsequent reduction in his term of imprisonment, Cowper's term of supervised release commenced on July 3, 2008. The conditions of his supervised release provided that he may not commit a federal, local, or state crime, or associate with persons engaged in criminal activity. In December 2010, the United States Probation Office submitted a petition alleging that Cowper violated these terms. Among other claims, the probation office alleged that Cowper had been arrested and indicted for his role in a money laundering conspiracy, and recommended that Cowper's supervised release be revoked due to such criminal activity.

In September 2011, during Cowper's supervised release revocation hearing, Cowper admitted that he violated the terms of his supervised release and notified the court that he had already pled guilty to the substantive money laundering offense in a separate federal case. Cowper notified the court that he would be sentenced in that case the following month and that he faced an advisory Guidelines range of 33 to 41 months' imprisonment on that charge. The district court accepted Cowper's admission and calculated his advisory Guidelines range for the supervised release violation at 18 to 24 months' imprisonment. Cowper asserted that a below-Guidelines sentence was appropriate because he was already facing a significant sentence on the substantive money laundering conviction and he had maintained steady employment while on release. In response, the government argued that a within-Guidelines sentence was appropriate due to the seriousness of the violation as well as Cowper's significant criminal history. The district court, citing the sentencing factors under 18 U.S.C. § 3553(a), sentenced Cowper to 18 months' imprisonment, emphasizing the seriousness of the violation and the relatively short sentence Cowper served for his original drug trafficking conviction. The court concluded that the sentence would reflect the seriousness of the violation and the need for punishment and deterrence.

Cowper claims the district court erred by failing to adequately consider the § 3553(a) factors and by not giving greater weight to the fact that he faced a significant sentence on his substantive money laundering conviction. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (explaining that procedural error includes failing to consider the § 3553(a) factors, and a court abuses its discretion if it fails to consider a relevant factor that should have received significant weight or commits a clear error of judgment while weighing appropriate factors). We perceive no such errors on this record. The district court expressly cited the § 3553(a) factors, considered the parties' arguments, and emphasized the seriousness of Cowper's violation and the need for punishment and deterrence. See 18 U.S.C. § 3553(a)(1), (2). We do not require a mechanical recitation of the § 3553(a) factors and, on this record, it is clear the district court considered the factors while determining Cowper's sentence. Feemster, 572 F.3d at 461. Likewise, we discern no error of judgment in the court's weighing of appropriate sentencing factors or its decision to deny Cowper's request for a downward variance. While Cowper claims his 18-month sentence is substantively unreasonable, he has failed to rebut the presumption of reasonableness we accord his within-Guidelines sentence. See id.

We affirm.

_____